# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLISON DEWSE, an individual, on behalf of herself, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALBERTSONS COMPANIES, INC., a Delaware corporation; THE VONS COMPANIES, INC., a Michigan corporation; and DOES 2 through 100, inclusive,<br><br>Defendants. | Case No.: 3:22-cv-00013-H-JLB<br><br>**ORDER REGARDING JOINT NOTICE OF VOLUNTARY DISMISSAL**<br><br>[Doc. No. 64.] |

On September 24, 2021, Plaintiff Allison Dewse ("Plaintiff") filed a putative class-action complaint in the Superior Court of California, County of San Diego against Defendant Albertsons Companies, Inc. ("Albertsons"). (Doc. No. 1-3.) Plaintiff subsequently substituted The Vons Companies, Inc. ("Vons") for Defendant Doe 1. (Doc. No. 1-4.) Albertsons and Vons (collectively, the "Defendants") removed the action to this Court on January 5, 2022. (Doc. No. 1.) On March 21, 2022, Plaintiff amended her complaint. (Doc. No. 21.)

On November 15, 2023, the parties filed a joint notice of settlement. (Doc. No. 61.) On January 3, 2024, the parties filed a joint notice of voluntary dismissal pursuant to Federal

Rule of Civil Procedure 41(a)(1)(A)(ii). (Doc. No. 64.) The notice requested that Plaintiff's individual claims be dismissed with prejudice and the putative class claims be dismissed without prejudice. (Id.)

Rule 41(a)(1)(A)(ii) permits a plaintiff to voluntarily dismiss an action without a court order so long as the plaintiff files a stipulation of dismissal signed by all parties who have appeared in the action.[1] Fed. R. Civ. P. 41(a)(1)(A)(ii). Here, counsel for Plaintiff and Defendants have signed the notice of dismissal. (Id.) Accordingly, the Court dismisses Plaintiff's individual claims with prejudice and dismisses the putative class claims without prejudice, each side to bear their own costs. The Court instructs the Clerk of Court to close the case.

**IT IS SO ORDERED.**

DATED: January 3, 2024

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[1]  A dismissal under Rule 41(a) is subject to Federal Rule of Civil Procedure 23(e). See Fed. R. Civ. P. 41(a). Rule 23(e) provides: "The claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. Civ. P. 23(e). Because no class has been certified in this case or is proposed to be certified as part of Plaintiff's voluntary dismissal, Rule 23(e) does not apply to the parties' request to dismiss the action. See Lee v. CVS Pharmacy, Inc., No. 320CV01923BENDEB, 2021 WL 308283, at *3 (S.D. Cal. Jan. 28, 2021); Hall v. W. Ref. Retail, LLC, No. 519CV00855VAPSKX, 2021 WL 4497925, at *1 n.1 (C.D. Cal. June 23, 2021); see also Fed. R. Civ. P. 23(e) advisory committee's note to 2003 amendment ("The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise."); but see Albers v. Yarbrough World Sols., LLC, No. 5:19-CV-05896-EJD, 2021 WL 1925520, at *1 (N.D. Cal. May 13, 2021) ("The Ninth Circuit has held that Rule 23(e) also applies before certification, but in a much lighter form that does not entail 'the kind of substantive oversight required when reviewing a settlement binding upon the class.'" (quoting Diaz v. Trust Territory of Pac. Islands, 876 F.2d 1401, 1408 (9th Cir. 1989)).